IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GEORGIA MARIE COLE, | No. 3:17-cv-1903-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Georgia Marie Cole
1380 NE Cleveland Ave.
Gresham, OR 97030

*Pro Se* Plaintiff

1- OPINION & ORDER

Billy J. Williams
United States Attorney
James E. Cox, Jr.
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

    Before the Court is Defendant Social Security Administration's unopposed motion to dismiss [4]. Plaintiff brought this action in Multnomah County Circuit Court alleging Defendant's employees stole a portion of Plaintiff's Social Security benefits payment. *See* Notice of Removal, Ex. 1 at 1, ECF 1. Defendant removed to federal court and now moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant's arguments are threefold. First, the Court lacks subject matter jurisdiction over Plaintiff's claims under the doctrine of derivative jurisdiction because Plaintiff could not have originally brought her claims in state court. Second, under the Federal Tort Claims Act ("FTCA"), the United States does not waive its sovereign immunity regarding tort claims alleging deceit. Third, the Court lacks subject matter jurisdiction under the FTCA because Plaintiff failed to first file her claim with the appropriate federal agency before bringing this lawsuit.

## BACKGROUND

    Plaintiff filed this lawsuit against Defendant in small claims court in Multnomah County Circuit Court. *See* Notice of Removal, Ex. 1. Plaintiff alleged that Defendant's employee Sue Peel and her supervisor "embezzled and stole" $386.10 from her disability benefit payment. *Id.*

In addition, Plaintiff claims that "these 2 employees . . . committed attempted murder and have threatened" her life. *Id.*[1] She requests approximately $10,000 in damages, costs, and fees. *Id.*

Defendant removed Plaintiff's action to the District of Oregon pursuant to 28 U.S.C. § 1442(a)(1). After removal, Defendant filed its motion to dismiss currently before the Court.

**STANDARDS**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**DISCUSSION**

Plaintiff has not responded to Defendant's motion to dismiss and has not demonstrated that this court has subject matter jurisdiction over her claims. Federal district courts are courts of limited jurisdiction, meaning they can only hear certain types of cases. *Kokkonen*, 511 U.S. at 377. As a general rule, there are two ways to invoke a district court's subject matter jurisdiction: by raising a so-called "federal question" or by bringing a suit in which the plaintiff and all defendants are residents of different states and the amount in controversy is more than $75,000

---

[1] Defendant has claims that it does not have an employee named Sue Peel.

3- OPINION & ORDER

("diversity jurisdiction"). *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

Federal question jurisdiction is controlled by 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In other words, to invoke federal question jurisdiction, the plaintiff must plead in the complaint that the defendant has violated some federal constitutional or statutory provision.

In this case, Plaintiff has not invoked any federal statute as the basis for her action. As Defendant points out, however, her claim should be construed as a tort claim against the federal government under the FTCA. *See* 28 U.S.C. § 2679(b)(1). The FTCA provides the exclusive remedy for tort claims against the federal government for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* Plaintiff's tort case against the federal government is subject to the FTCA and should have originally been brought in federal court, not state court. 28 U.S.C §§ 1346(b)(1), Additionally, Plaintiff must first exhaust her administrative remedies before bringing a lawsuit. 28 U.S.C. §§ 2675(a), 2679(b)(1). In other words, Plaintiff could not have originally brought this case in state court and she must first exhaust her administrative remedies before filing an action in federal court. *See In re Elko Cty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997) (recognizing that a federal court cannot acquire subject-matter jurisdiction from state court that lacked it); *Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015) (citing *Elko*, 109 F.3d at 555) (same). Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims and this case must be dismissed.

Furthermore, Defendant has demonstrated that Plaintiff has failed to exhaust her administrative remedies. *See* Dell'Aglio Decl.¶¶ 4–5, ECF 5. Therefore, any amendment to her

claims prior to the exhaustion of those remedies would be futile. Accordingly, the Court dismisses this action with prejudice.

## CONCLUSION

The Court dismisses this action with prejudice.

Dated this \_\_\_3\_\_\_ day of \_\_\_January\_\_\_, 2017.

MARCO A. HERNÁNDEZ
United States District Judge